JOHN GRIGSBY, Appellant, vs. J. R. FULLERTON, Respondent.

1. *Practice, civil—Instructions calculated to mislead, etc.*—An instruction having no application to the case and calculated to mislead the jury, should be refused.

2. *Contracts—Adjoining proprietors—Payment for strip of land and fence—Presumption as to agreements for.*—Where one adjoining proprietor pays another for the use of a strip of land and division fence up to a specified time, and continues to use them afterwards, the law will, without any express agreement to that effect, presume a promise to pay for such further use, at least what they are reasonably worth.

*Appeal from Nodaway Circuit Court.*

*Johnstone & Jackson,* for Appellant.

*W. L. Johnson, Dawson & Edwards,* for Respondent.

VORIES, Judge, delivered the opinion of the court.

The action was commenced before a justice of the peace, and afterwards appealed to the Nodaway Circuit Court.

The statement of the plaintiff's cause of action, filed before the justice, was as follows; " that heretofore, to-wit : on the 1st day of March, 1869, he was, and still is the owner of a fence of the length of one-half mile, and was and still is the owner of, and in possession of the land on the north side of said fence, and also of a strip of land, about 14 feet wide on the south side of, and lying along the whole length of said fence; that the defendant was, on said day, and still is the owner and in possession of a tract of land lying on the south side of, and adjoining plaintiff's said strip above mentioned ; and that on or about the said first day of March, 1869, the defendant, being desirous of inclosing his said tract for the purpose of cultivating the same, then requested the plaintiff to permit him, the said defendant, to build his fence across plaintiff's said strip, above mentioned, at and along the east and west ends thereof, and join his, defendant's fences to plaintiff's said fence, and thereby save to the said defendant the time, trouble and expense of building a fence along the whole length of the northern boundary of his, defendant's said land. And defendant then and there promised plaintiff if he would

grant him the privilege of using his said fence as above stated, he would pay plaintiff what the use of the same was reasonably worth; whereupon, plaintiff, in consideration of defendant's promise, then and there agreed to and did permit the said defendant to join his fence to plaintiff's said fence, and to use the same together with the strip of land belonging to plaintiff, aforesaid.

Plaintiff now avers that the defendant has used his said fence and said strip of land ever since the date above mentioned; that the use of said fence and said strip of land is reasonably worth the sum of eighty dollars; that about the 1st day of June, 1870, the defendant paid plaintiff on said contract the sum of thirty dollars, leaving a balance due plaintiff of fifty dollars, for which he asks judgment.

The cause of action was tried before a justice where the plaintiff recovered a judgment from which the defendant appealed to the Nodaway Circuit Court. The case was tried in the Nodaway Circuit Court before a jury where the following facts appeared in evidence:

The plaintiff and defendant were the owners of adjoining tracts of land in Nodaway County in this State, the defendant's land being situate immediately south of the land of plaintiff. A large portion of plaintiff's land was fenced; the fence along the south side of his land being about one-half mile long and had been erected so as to leave a strip of plaintiff's land about fourteen feet wide along the entire south line of his land, outside of his fence, so as to leave a road or passway between the land of plaintiff and defendant, and thereby prevent the necessity of opening a road through plaintiff's farm for the convenience of the neighborhood. In February or March of the year 1869, the defendant was about to fence a quarter section of his land, lying immediately south of, and adjoining the land of the plaintiff, and applied to the plaintiff for permission to adjoin his fences running on the east and west lines of the land about to be fenced, to the fence of the plaintiff, and thus to extend the east and west fences inclosing the defendant's land across the strip of 14 feet wide,

outside of plaintiff's fence, and use the said fence of plaintiff for the purpose of inclosing the defendant's land on the north. The plaintiff agreed to let the defendant run his fence across said strip and join them to plaintiff's fence, provided the defendant would erect gates at the east and west end of said strip, where the fences would cross the same, so that persons traveling the road-way could pass through. The defendant erected his fences and gates and joined the fences to plaintiff's fence in conformity to this permission or agreement of plaintiff. Afterwards, in the Spring, or late in the Winter of 1870, plaintiff proposed to defendant to have a settlement with him about the fence, and proposed to defendant, that defendant should pay him twenty per cent. on the cost of the fence for the privilege of joining his fence thereto, and the use of the same, or that he should pay plaintiff half the cost of the fence. Defendant first stated that he thought that matter was settled; but that he would see to the matter. Plaintiff testifies that he promised to accept one or the other of these propositions, while defendant testifies that he did not agree to accept either of them.

Nothing further was said or done in the matter for some months, when plaintiff brought suit against the defendant for the use of the fence and for the privilege of joining his fences thereto, in which suit he charged defendant what he considered the value of the use of the fence and the strip of land which was fenced in defendant's field. This suit was afterwards dismissed and the parties came to a settlement by which defendant paid plaintiff thirty dollars for the use of plaintiff's fence and said strip of land 14 feet wide from the time of the erection of the defendant's fence, until the 9th day of November, 1870, which was several months after said settlement. The defendant failed to remove his fencing from plaintiff's land at the expiration of the time to which the payment was to extend, (the 9th November, 1870); but continued to use plaintiff's fence and the strip of ground as before. In April, 1871, plaintiff demanded payment of defendant for the use of the fence and land and notified defendant if it was not paid,

that he would be sued. Defendant failed to pay, and continued his fences as before, up to the commencement of the year 1873, when this suit was brought. Evidence was also given as to the value of the use of the fence.

The foregoing facts appearing in evidence, the plaintiff asked the court to give several instructions which were refused; but they need not be noticed in the investigation of this case.

The court on its own motion instructed the jury as follows:

"1st. If you find from the evidence that the plaintiff and defendant own lands adjoining, and that the plaintiff made a fence on or near the line between the plaintiff's and defendant's lands, and the fence constituted a division fence inclosing the field of the defendant, and the defendant agreed with the plaintiff to pay him for the use of said fence as a partition fence, and for a strip of land of plaintiff in the field of defendant, but no specified sum was agreed upon as the value of the use of said fence per year, you should find for the plaintiff so much as the use of said fence, up to the bringing of the suit was reasonably worth."

"2nd—But if you find that the plaintiff owned the fence between the fields of plaintiff and defendant, and that defendant joined to such fence so as to make it inclose his field and used it, as a partition fence in that way, but did not agree to pay plaintiff for the use of said fence, you should find for the defendant. When a fence built by one person on the line of his land constitutes a partition fence, the law provides a way by which he may obtain payment for the one-half value of such fence, and also how the same shall be kept in repair, and how the injured party may obtain damages for neglect to keep the same in repair; but, in the absence of any contract between the parties in relation to such partition fence, by which one party agrees to pay the other for the same, or for the use of the same, he cannot recover, except as pointed out by the statute in relation to partition fences. Therefore, if you find from the evidence that the defendant agreed to pay the plaintiff for the use of the land and fence, you should find for him

such sum as such use was reasonably worth. But if you do not find that the defendant agreed to pay for the use of such land and fence, you should find for the defendant."

" 3rd—If you find from the evidence that the defendant paid the plaintiff thirty dollars for the use of the fence, up to a given time, and that the plaintiff received the same in satisfaction for the use of said land and fence up to that time ; and if you further find that the defendant has not promised or agreed to pay the plaintiff for the use of said land and fence, after such payment of the thirty dollars, you should find for defendant, because in such case the law does not imply, in the absence of any contract, an obligation on the defendant to continue to pay for the use of said fence."

The plaintiff objected to these instructions given by the court. His objections being overruled, he excepted and took a non-suit with leave to move to set the same aside, which motion was afterwards made and overruled by the court, to which the plaintiff again excepted, and has appealed to this court.

If the instructions given by the court were erroneous, the non-suit taken by the plaintiff was properly taken, for it is evident that no recovery could be had in favor of the plaintiff under the view of the law taken by the court.

The first instruction may be abstractly right; but there is no evidence in the case to show that the fence of the plaintiff was ever intended for, or could be construed to be a division or partition fence between plaintiff and defendant as adjoining proprietors or owners of adjoining fields. The fence was undisputedly on the plaintiff's land, placed there for the purpose of using the 14 feet for a road or pass-way. The defendant was permitted to erect his fences across and join them to plaintiff's fence on the condition that he would erect gates for the use of this pass-way; and it is testified by the plaintiff, and stands uncontradicted by the defendant, that the defendant's expressed object in getting permission to join to and use the fence of plaintiff, was to enable him to plant and cultivate a hedge on the south side of this pass-way on

.the line dividing the lands of plaintiff and defendant. This hedge, when planted and grown, would have constituted a division fence or hedge between the parties, or rather would have left a lane between them.

The permission given by the plaintiff to the defendant was a mere license to the defendant to enter upon plaintiff's land and erect fences and gates on the strip of fourteen feet of plaintiff's land—thus fencing in said strip of fourteen feet in defendant's field; by which he received the benefit of plaintiff's fence in inclosing his field.

The second instruction is in the nature of a comment on, or explanation to the jury of the law of this State concerning partition fences. (Wagn. Stat., 633.) That statute has no application to the facts of this case, and the plaintiff had no remedy thereunder. If the plaintiff had attempted to pursue the remedy pointed out by that statute to recover pay for one-half of his fence, or to recover for keeping the fence in repair, and thus establish his fence as a partition fence between him and defendant, it would have had the effect to dedicate 14 feet off from the south side of his land to defendant.

As that statute could have no application to this case, the second instruction was improper, and could have had no other effect than to mislead the minds of the jury from the real issues in the case, and was therefore improper.

The third instruction tells the jury that the fact that the defendant settled with plaintiff and paid him for the use of his fence and the privilege of joining his fences thereto, etc., up to a specified time, raises no implication as against defendant, that he will pay for the same privileges and the same enjoyment of the use of plaintiff's property after the expiration of the time for which the payment had been made; that in order to find against defendant for such future use, there must be an express promise on the part of the defendant to pay. We also think that this view is erroneous. No matter what the rights of the parties might have been under their somewhat indefinite original agreement, when

plaintiff claimed pay for the use of his strip of land and the use of his fence, in the Spring of 1870, and defendant settled with him and paid him for said use from the time that the fences were constructed by defendant, up to the month of November, after said settlement, he certainly had recognized the fact that he was using his privileges of maintaining his fences across this strip of land and thereby availing himself of lthe use and benefit of the plaintiff's fence for a compensation to be paid therefor. I think it follows, that when he continued to hold and enjoy these same privileges after the time had expired for which payment had been made, a promise was thereby implied on the part of the defendant to pay plaintiff for said use and enjoyment, at least what it was reasonably worth. This case may not be exactly a case of landlord and tenant, where the tenant holds over after the termination of a lease; but the same principle that raises an implied promise on the part of the tenant to pay rent, who holds over after the termination of his lease, would apply in reference to the holding over by the defendant in this case, after the time had expired for which payment had been made.

The motion of the plaintiff to set aside the non-suit taken in the case should have been sustained.

The judgment is reversed and the case remanded; Judge Sherwood absent, the other judges concur.